(No. 4140 ▮▮▮▮▮▮▮▮▮▮▮)

CLAUDE LAVENDER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1950.*

THOMAS B. F. SMITH, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Claude Lavender, was employed on December 11, 1947, as a laborer by respondent in the Division of Highways. On that day while carrying a partially filled can of molten bituminous material claimant stepped on some freshly poured material, lost his balance and fell on the pavement, and the molten contents of the pouring can splashed on his hands, forearm and face. He was taken to Dr. V. H. Burkhart at Hurst, Illinois. Dr. Burkhart reported that he had received first degree burns of the face, second degree burns on his left forearm and hand, and third degree burns of the right forearm and hand.

On November 30, 1948, the claimant was examined by Dr. John S. Lewis, who stated claimant's disability is due to disfigurement caused by the resultant scar from his burn.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of employment.

The record consists of the complaint and departmental report and statement, brief and waiver of claimant.

From the evidence in this case and an examination of the scars by Commissioner Summers, the claimant should receive from the respondent for disfigurement to right hand and face twenty-five percent (25%) of the amount paid, under Section 8, Paragraph C, Workmen's Compensation Act. The Division of Highways has paid Mr. Lavender temporary disability at the rate of $18.00 a week from December 12, A.D., 1947, to February 15, A.D., 1948, inclusive, a total of $169.71. The bill of Dr. Burkhart for treating Mr. Lavender amounting to $72.00 was paid by the Division of Highways. Claimant is, therefore, entitled to an award computed under Section 8, Paragraph C, Workmen's Compensation Act, as amended, in the sum of $325.00, all of which has accrued and is payable forthwith.

Genevieve Farmer, Court Reporter, has filed a bill for reporter services in this case in the sum of $15.25. The bill appears reasonable for the services rendered and is hereby allowed.

An award is hereby rendered in favor of Genevieve Farmer in the sum of $15.25.

Genevieve Farmer, Court Reporter, has filed on record a bill for reporter services at a hearing to take additional testimony in this cause, in the sum of $22.58. The bill appears reasonable for the services rendered and is hereby allowed.

An award is hereby rendered in favor of Genevieve Farmer in the sum of $22.58.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."